# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CISNEROS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>    Respondent. | Case No. 1:15-cv-01716-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 18) |

Petitioner Alejandro Cisneros is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the claim raised in the instant petition is unexhausted, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition without prejudice.

**I.**

**BACKGROUND**

On September 6, 2011, Petitioner was convicted by a jury in the Tulare County Superior Court of attempted murder, carjacking with use of a deadly weapon, and active participation in a criminal street gang. The jury found true multiple special allegations, including that Petitioner personally discharged a firearm. (LD[1] 2 at 5). On February 8, 2012, Petitioner was sentenced to a total imprisonment term of thirty-eight years. (Id.) On April 17, 2014, the California Court of Appeal affirmed the verdicts on all substantive offenses and all true findings with respect to

---

[1] "LD" refers to the documents lodged by Respondent on January 29, 2016. (ECF No. 19).

1

1 Petitioner, but remanded for resentencing. (Id. at 19). Petitioner did not petition the California
2 Supreme Court for review. (LD 3).

3   On October 20, 2015, the Court received the instant federal petition for writ of habeas
4 corpus. (ECF No. 1). On January 28, 2016, Respondent filed a motion to dismiss, arguing that
5 Petitioner's claim was unexhausted. (ECF No. 18). Although granted an extension, Petitioner has
6 failed to file any opposition.

## II.

## DISCUSSION

9   A petitioner in state custody who is proceeding with a petition for writ of habeas corpus
10 must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based
11 on comity to the state court and gives the state court the initial opportunity to correct the state's
12 alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.
13 Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by
14 providing the highest state court with a full and fair opportunity to consider each claim before
15 presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
16 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the
17 highest state court the necessary opportunity, the petitioner must "fairly present" the claim with
18 "reference to a specific federal constitutional guarantee, as well as a statement of the facts that
19 entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162–
20 63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

21   The only ground for relief raised in the instant petition is that there was insufficient
22 evidence to support the intentional discharge of a firearm enhancement. (ECF No. 1 at 5).[2] This
23 claim was raised in the California Court of Appeal, Fifth Appellate District, which denied the
24 claim in the opinion issued on April 17, 2014. Diaz, 2014 WL 1499830, at *4. Thereafter,
25 Petitioner did not file a petition for review in the California Supreme Court. (LD 3). If Petitioner
26 has not sought relief in the California Supreme Court for the claim that he raises in the instant
27 petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1).

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 18) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2016**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE