UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CISNEROS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　　Respondent. | No. 1:15-cv-01716-DAD-EPG<br><br><br>ORDER DENYING REQUEST TO PROCEED<br><br>(Doc. No. 25) |

Petitioner is a state prisoner proceeding *pro se* whose petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed without prejudice on September 14, 2016 due to petitioner's failure to exhaust his claims by first presenting them to the California Supreme Court. (Doc. No. 23.)[1] Judgment was entered on that same date and this case was closed. (Doc. No. 24.) Nonetheless, on March 6, 2017, petitioner filed the pending request to proceed with the federal habeas petition in this case. (Doc. No. 25.).

As noted, this court previously dismissed the petition in this case without prejudice. If petitioner wishes to proceed with a federal habeas petition, he may do so by filing a new petition

---

[1] Petitioner did not seek a stay and abeyance of this action pending exhaustion of his sole, unexhausted claim for federal habeas relief. *See Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (recognizing the district court's discretion to employ the stay and abeyance procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005), in the case of a fully unexhausted petition in order to allow the petitioner to exhaust his claims in state court and then return to federal court in that same action.

1

for federal habeas relief with the court. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must first exhaust his constitutional claims in state court. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). In other words, if petitioner has not sought relief in the California Supreme Court, a federal habeas court cannot proceed to the merits of petitioner's claims. 28 U.S.C. § 2254(b)(1).

Accordingly, it is hereby ordered that petitioner's request to proceed in this closed case (Doc. No. 25) is denied.

IT IS SO ORDERED.

Dated: **August 15, 2017**

UNITED STATES DISTRICT JUDGE